**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| TRILLIUM PARTNERS, LP<br>90 Grove Street, Suite 108<br>Ridgefield, CT 06877<br><br>    Plaintiff<br>v.<br><br>ADVANZEON SOLUTIONS, INC.<br>3405 W. Dr. Martin Luther King Jr. Blvd<br>Suite 101<br>Tampa, FL 33607<br><br>Serve on Resident Agent:<br>CORPORATION SERVICE COMPANY<br>251 Little Falls Drive<br>Wilmington, DE 19808<br><br>    Defendant | Case No.: |

COMPLAINT

Plaintiff, Trillium Partners, LP, ("TRILLIUM"), by and though its counsel, Matheau J. W. Stout, Esq. files this Complaint against Advanzeon Solutions, Inc. f/ka/ Pharmacy Value Management Solutions, Inc. and Comprehensive Care Corp. ("CHCR"), and alleges:

    1.    This action is instituted pursuant to 15 U.S.C § 77c(a)10 (Section 3(a)(10) of the Securities Act of 1933, hereinafter "Section 3(a)(10)") for the issuance of common stock in exchange for other securities of the same public company owned by the Plaintiff.

    2.    This Court has jurisdiction over the parties hereto based on the Federal Statute.

    3.    Venue is proper in the Northern District.

4. Defendant, CHCR is a publicly traded entity, domiciled in Delaware and headquartered in Florida, and conducting business in Maryland, which has the ability to issue securities under Section 3(a)(10).

5. Plaintiff owns 1,597,971 shares of CHCR common stock issued in book entry without restricted legend in May of 2018 by CHCR pursuant to an exemption from registration under Section 4(a)(1) of the Securities Act of 1933 (the "4(a)(1) Shares"), which have a market value of at least $200,000.00 based on the most recent published trading prices of CHCR common stock at OTCMarkets.com ranging from $0.135 to $0.159 on July 11, 2018.

6. Defendant's transfer agent, Continental Stock Transfer & Trust Company, agreed to the removal of the restricted legend on the Section 4(a)(1) Shares, relying on a legal opinion provided by Plaintiff's securities counsel, Matheau J. W. Stout, Esq., dated May 2, 2018 (the "May 2, 2018 Legal Opinion"). The May 2, 2018 Legal Opinion, and the five (5) documents cited therein which detail the origin and history of the Section 4(a)(1) Shares, are attached hereto as Exhibit A.

7. Beginning on May 2, 2018 and continuing through July of 2018, Plaintiff attempted to deposit the 4(a)(1) Shares electronically with its stockbroker, Alpine Securities, Inc. ("Alpine") in order to sell the 4(a)(1) Shares into the public market, but despite acknowledging the Legal Opinion and the supporting documents thereto, Alpine refused to accept the deposit of the 4(a)(1) Shares without a "federal court order", rendering the 4(a)(1) Shares essentially worthless to the Plaintiff.

8. Because the 4(a)(1) Shares are already issued to Plaintiff without restricted legend, and yet cannot be deposited into Plaintiff's brokerage account and sold into the

public market, the 4(a)(1) Shares are effectively nothing more than a claim against Defendant ("Claim"), such that Plaintiff has suffered a considerable loss which can only be remedied under Section 3(a)(10), which necessitates that present action.

9. On July 10, 2018 the parties entered into a Settlement Agreement pursuant to Section 3(a)10, a copy of which attached hereto as Exhibit B, under which Defendant affirmed the origin and history of the Section 4(a)(1) Shares and recognized the validity of TRILLIUM'S CLAIM against Defendant. Among other things, Exhibit B sets Maryland as the Venue for any action related thereto.

10. Because Alpine will not allow TRILLIUM to deposit CHCR stock into its brokerage account without a federal court order recognizing an exemption from registration under the Securities Act of 1933, it is impossible for TRILLIUM to recoup its losses without relief under Section 3(a)(10).

11. CHCR's public securities filings detail its inability to repay TRILLIUM using cash, and TRILLIUM seeks a settlement pursuant to Section 3(a)(10) of the Securities Act of 1933 whereby CHCR would obtain the requested federal court order allowing CHCR to issue shares of its publicly traded common stock as payment for the settlement of TRILLIUM's CLAIM under Section 3(a)(10).

12. Section 3(a)(10) requires that a hearing be conducted as to the fairness of the terms and conditions of the exchange of debt for securities.

WHEREFORE, Plaintiff requests this Honorable Court schedule a hearing to determine the fairness of the proposed settlement and for such other and further relief as is deemed appropriate.

Respectfully submitted,

_____/s/_____
*/s/ Matheau J. W. Stout*
Matheau J. W. Stout (28054)
400 E. Pratt Street, 8th Floor
Baltimore, Maryland 21202
(410) 429-7076 Tel
(888) 907-1740 Fax

*Attorney for Plaintiff*